UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| NANCY ABBIE TALLENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  3:20-cv-527-TAV-HBG |
| | ) | |
| POLICE OFFICER PHILLIP KNIGHT, | ) | |
| OAK RIDGE POLICE DEPARTMENT | ) | |
| CITY OF OAK RIDGE, TENNESSEE, | ) | |
| JAIL ADMINISTRATOR | ) | |
| RICHARD PARKER, | ) | |
| SHERIFF RUSSELL BARKER, and | ) | |
| ANDERSON COUNTY, TENNESSEE, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on Defendant Oak Ridge Police Department's Motion to Dismiss for failure to state a claim upon which relief can be granted [Doc. 43]. Plaintiff responded in opposition [Doc. 49]; defendant replied [Doc. 52]. Plaintiff then filed a motion to strike defendant's reply [Doc. 53]. For the reasons set forth below, Oak Ridge Police Department will be dismissed.

It is well-settled that a police department is not an entity capable of being sued under 18 U.S.C § 1983, under which plaintiff asserts her claims. *See Mathews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a county police department was not an entity that may be sued); *Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984) (dismissing sheriff's department as an entity that cannot be sued under § 1983). Plaintiff argues in opposition that "[t]he very essence of Section 1983 allows suit for civil rights

violations that supersede immunity" and that granting "this dismissal would in itself be a violation of the Plaintiff's rights" [Doc. 49 p. 2]. However, plaintiff does not provide authority for this proposition, and binding Sixth Circuit case law holds to the contrary.

Accordingly, plaintiff has failed to state a claim upon which relief can be granted, because where a plaintiff has sued an entity that is not capable of being sued, the proper remedy is dismissal of that entity. *See Bradford,* 578 F. Supp. at 383; *Walker v. Union Cty., Tenn.*, No. 13-102-DLB-HBG, 2013 WL 1912936, at *1–2 (E.D. Tenn. May 8, 2013).

For these reasons, the motion to dismiss the Oak Ridge Police Department [Doc. 43] is hereby **GRANTED**, and Oak Ridge Police Department is **DISMISSED** from this case with prejudice.

Plaintiff's motion to strike states that defendant did not serve the motion to plaintiff [Doc. 53 p. 1]. The Court notes that the motion itself contains a certificate of service that the pleading was filed electronically and that it would be sent to all parties indicated on the electronic filing receipt [Doc. 43 p. 3]. The filing system confirms that the motion was electronically mailed to plaintiff's e-mail address. Therefore, plaintiff's contentions regarding service of this motion are incorrect. Furthermore, plaintiff's motion is entitled "Motion to Strike" [Doc. 53]. She does not identify under which rule of civil procedure she brings this motion, but Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The decision to strike is left to the Court's sound discretion. *Welch v. FFE Transp. Servs., Inc.,* No. 3:13-cv-336,

2015 WL 3795918, at *2 (E.D. Tenn. June 18, 2015). The motion here is not redundant, immaterial, impertinent, or scandalous, and plaintiff's arguments do not attempt to portray it as such. Accordingly, the motion to strike [Doc. 53] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE