# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| NANCY ABBIE TALLENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:20-CV-527-TAV-HBG |
| | ) | |
| POLICE OFFICER PHILLIP KNIGHT, | ) | |
| CITY OF OAK RIDGE, TENNESSEE, | ) | |
| JAIL ADMINISTRATOR | ) | |
| RICHARD PARKER, | ) | |
| SHERIFF RUSSELL BARKER, and | ) | |
| ANDERSON COUNTY, TENNESSEE, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

This civil action is before the Court on plaintiff's motion to strike [Doc. 79], defendants Knight and City of Oak Ridge's motion for summary judgment [Doc. 76], defendants Parker, Barker, and Anderson County, Tennessee's motion for summary judgment [Doc. 85], and plaintiff's motions for joinder [Docs. 94, 96]. Plaintiff filed responses to defendants' respective motions for summary judgment [Docs. 79, 91], and defendants filed respective replies [Docs. 80, 92]. Defendants also filed responses to plaintiff's motions for joinder [Docs. 97, 98, 99]. These motions are ripe for resolution.

For the following reasons, plaintiff's motions to strike [Doc. 79] and for joinder [Docs. 94, 96] will be **DENIED**. However, Knight and City of Oak Ridge's motion for summary judgment [Doc. 76] and Parker, Barker, and Anderson County, Tennessee's

motion for summary judgment [Doc. 85] will be **GRANTED**. Accordingly, because this case will be dismissed, plaintiff's outstanding motion [Doc. 93] will be **DENIED as moot**.

## I. Background

There is no genuine dispute as to the following facts. On January 10, 2020, at around noon, Knight, an Oak Ridge Police Department officer, along with other officers, responded to an automobile accident that occurred when plaintiff backed her vehicle into a street-parked vehicle [Doc. 1 ¶ 29; Doc. 1-1 p. 1; Doc. 76-2 pp. 14–16]. Knight observed that plaintiff had a blank stare, bloodshot eyes, and was unsteady on her feet, and Knight smelled alcohol on plaintiff's breath and person [Doc. 1-1 p. 2; Doc. 76-2 pp. 16–18]. Consequently, Knight performed field sobriety tests, which plaintiff failed [Doc. 76-2 pp. 18–21; *see also* Docs. 76-3 (manual filing), 76-4 (manual filing)]. Knight arrested plaintiff, and ultimately, a grand jury indicted plaintiff for driving under the influence [Doc. 76-2 pp. 21–22; Doc. 76-5].[1]

Officers transported plaintiff to Anderson County Detention Facility ("ACDF"), and plaintiff arrived at 2:15 P.M. [Doc. 85-2 pp. 1–2, 5]. Pursuant to ACDF policy, because plaintiff was arrested for driving under the influence, a nurse visited plaintiff and personnel continuously monitored her and recorded notes via a detox log [Doc. 85-1 p. 5; Doc 85-2 pp. 2–3, 8, 15–16]. ACDF personnel noted no unusual behavior until the early morning of January 11, 2020, when personnel observed plaintiff lying on her back and breathing in a manner that suggested she needed emergency medical attention [Doc. 85-2 pp. 15–19].

---

[1] The state court also found probable cause for plaintiff's arrest [Docs. 25-1, 76-2].

ACDF personnel immediately attempted to obtain a response from plaintiff, and when efforts failed, personnel called emergency medical services, which transported plaintiff to the hospital [*Id.*]. Plaintiff received a diagnosis of, *inter alia*, alcohol withdrawal syndrome [*Id.* at 3; *see also* Doc. 90-1].

Based on these facts, plaintiff filed the instant action against Knight, Oak Ridge Police Department ("ORPD"), City of Oak Ridge, Parker, Barker, and Anderson County, Tennessee, asserting § 1983 and state law claims [Doc. 20 (amended complaint)]. The Court previously dismissed ORPD [Doc. 56], and the remaining defendants have filed the instant motions for summary judgment [Docs. 76, 85]. Thereafter, plaintiff filed her motions for joinder, which seek to join numerous additional defendants allegedly involved in the foregoing events [Docs. 94, 96].

## II.    Plaintiff's Motion to Strike

Before addressing defendants' respective motions for summary judgment and plaintiff's motion for joinder, the Court addresses plaintiff's motion to strike, which plaintiff includes in her response to Knight and City of Oak Ridge's motion for summary judgment [Doc. 79]. Specifically, plaintiff moves to strike from the record all documents filed by attorney Benjamin Lauderback, who represents Knight and City of Oak Ridge. Plaintiff argues Mr. Lauderback does not have authority to make filings because defendants never received proper service [*See id.*].

Plaintiff does not identify the authority under which she brings her motion, but Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The decision to strike is left to the court's sound discretion. *Welch v. FFE Transp. Servs., Inc.*, No. 3:13-CV-336-TAV-CCS, 2015 WL 3795917, at *2 (E.D. Tenn. June 18, 2015) (citation omitted).

The Court will not strike any of Mr. Lauderback's filings. No filing is "redundant, immaterial, impertinent, or scandalous," and plaintiff does not even characterize any filings as such. *See* Fed. R. Civ. P. 12(f). Rather, plaintiff continues to challenge the veracity of service of process in this case. However, as United States Magistrate Judge H. Bruce Guyton has informed plaintiff multiple times, any challenge to service of process is moot because all defendants have filed answers and waived service [*See* Docs. 38, 42].

Therefore, plaintiff's motion to strike [Doc. 79] will be **DENIED**.

## III. Defendants' Motions for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw "all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party bears the burden of establishing that no genuine issues of material fact exist and may meet this burden by affirmatively proving its case or by highlighting the absence of support for

4

the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis v. Universal Match Corp., Inc.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citation omitted). To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record, including depositions, documents, affidavits, and other materials, upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *see also* Fed. R. Civ. P. 56(c)(1)(A). There must be more than a "mere scintilla of evidence" to withstand a motion for summary judgment. *Smith Wholesale Co. v. R.J. Reynolds Tobacco Co.*, 477 F.3d 854, 861 (6th Cir. 2007) (citation omitted). And any genuine issue of fact must be material; that is, it must involve "facts that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. The court may not weigh the evidence or assess credibility; its role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the nonmovant. *Id.* at 249. If a reasonable juror could not find for the nonmovant, the court must grant summary judgment. *See Celotex*, 477 U.S. at 323.[2]

---

[2] While plaintiff filed no evidence with her responses to the instant motions for summary judgment and the amended complaint contains no exhibits, in the interests of leniency to plaintiff, who is proceeding pro se, the Court considers exhibits plaintiff filed with the original complaint [*See* Docs. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8] as well as all other evidence in the record.

## A. Section 1983 Claims

As noted, plaintiff asserts § 1983 claims against all defendants, and defendants move to dismiss these claims. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A plaintiff must plead and prove two elements to state a § 1983 claim: (1) a person has deprived the plaintiff of a federal right; and (2) the person did so under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Court addresses plaintiff's claims against each defendant in turn.[3]

_____

[3] Defendants aver the Court should dismiss plaintiff's claims because plaintiff's responses fail to address the merits of defendants' motions [*See* Docs. 80, 92]. It is true that plaintiff's responses do not address the merits of defendants' motions; rather, the responses attempt to relitigate already-addressed issues regarding service of process [*See* Docs. 79, 91].

As defendants assert, the Sixth Circuit's "jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment." *Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) (citations omitted); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). But abandonment applies only if the court determines the movant has satisfied its initial Rule 56 burden because the movant—not the nonmovant—has the initial burden under Rule 56. *Briggs v. Univ. of Detroit-Mercy*, 611 F. App'x 865, 870–71 (6th Cir. 2015). Thus, before finding abandonment, the court must first determine whether the movant has satisfied its initial Rule 56 burden to show there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *See id.*

The Court finds plaintiff has abandoned her claims. As discussed *infra*, defendants have satisfied their preliminary Rule 56 burden, and plaintiff has failed to address the merits of defendants' motions in her responses.

6

1.      **Knight**

Plaintiff's claim against Knight primarily relies on two bases. First, plaintiff argues Knight arrested plaintiff without probable cause [Doc. 20 ¶¶ 12, 24, 29–32].[4] Second, plaintiff argues Knight directed the state judicial system to ensure plaintiff's illegal arrest and conviction [*See id.* ¶¶ 42–55]. Knight defends on, *inter alia*, qualified immunity grounds [Doc. 77 pp. 7–11].[5]

When a defendant raises qualified immunity, "the burden is on the plaintiff to demonstrate that the official[ is] not entitled to qualified immunity." *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006). The plaintiff must establish: (1) "facts which, when taken in the light most favorable to [the plaintiff], show that the defendant-official's conduct violated a constitutionally protected right"; and (2) "that right was clearly established such that a reasonable official, at the time the act was committed, would have understood that his behavior violated that right." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 727 (6th Cir. 2011) (citation omitted). The order in

---

[4] Plaintiff suggests that "Phillip Knight does not exist. It is a classification given by [a state court judge] to mark [plaintiff] for destruction" [Doc. 20 ¶ 24]. Rather, plaintiff avers Knight's alleged misconduct occurred through acts of an unnamed officer [*Id.* ¶ 12]. To the extent plaintiff argues a factual dispute exists because she alleges Knight is not a real person, the Court finds this factual dispute not "genuine" because no reasonable juror would believe that Knight does not exist, especially considering evidence in the record—including plaintiff's own exhibit—repeatedly demonstrates that Knight arrested plaintiff [*See, e.g.*, Doc. 1-1]. *See Harvey v. Campbell Cnty.*, 453 F. App'x 557, 562 (6th Cir. 2011) (noting that a dispute of fact is genuine only if "based on evidence upon which a reasonable jury could return a verdict") (citation omitted). Moreover, to the extent plaintiff intends to assert claims against state officials other than Knight, the Court finds those claims fail for the same reasons discussed in this Section.

[5] Because the Court finds Knight is entitled to summary judgment for the reasons that follow, the Court will not address Knight's bankruptcy argument.

7

which to address the two prongs is left to the court's discretion, and a court need not address the remaining prong if the court finds the plaintiff failed to meet her burden as to the other prong. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *see Smith v. City of Columbus*, No. 2:09-CV-95, 2010 WL 3258556, at *5 (S.D. Ohio Aug. 17, 2010) (citation omitted).

Regarding plaintiff's argument that Knight arrested her without probable cause, the Court finds Knight is entitled to qualified immunity. In the false arrest context, to establish a violation of a constitutional right, the plaintiff must demonstrate the arresting officer lacked probable cause to arrest the plaintiff. *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014). Generally, "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause . . . ." *Grogg v. Tennessee*, No. 2:15-CV-299-JRG-MCLC, 2018 WL 3234170, at *5 (E.D. Tenn. July 2, 2018) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 307 n.13 (6th Cir. 2005)). An exception exists where law enforcement officers knowingly presented false evidence to the grand jury to secure the indictment. *Robertson*, 753 F.3d at 616 (citations omitted).

The Court finds plaintiff has failed to meet her burden to establish Knight lacked probable cause to arrest her. Knight provides a state court indictment whereby a grand jury indicted plaintiff for driving under the influence of alcohol [Doc. 76-5]. And while plaintiff generally suggests Knight fabricated evidence to establish probable cause at a preliminary hearing [Doc. 20 ¶ 28A], plaintiff provides no evidence to support this assertion or that the state court indictment was invalid. Indeed, plaintiff does not allege that Knight "presented

8

any testimony at all to the grand jury, let alone false testimony." *Grogg*, 2018 WL 3234170, at *5. Therefore, the state court indictment conclusively establishes that Knight had probable cause to arrest plaintiff.[6] Accordingly, plaintiff cannot demonstrate Knight violated her constitutional rights and thus Knight is entitled to qualified immunity.

Plaintiff next argues Knight directed the state judicial system throughout her state court proceedings to ensure her wrongful conviction. The Court construes this argument as one for malicious prosecution. *See Robertson*, 753 F.3d at 616 (describing the nature of a malicious prosecution claim (citing *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010))). To succeed on a malicious prosecution claim, the plaintiff must demonstrate: "(1) a criminal prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor." *Id.* (citation omitted).

The Court finds that plaintiff's malicious prosecution claim against Knight fails. At the outset, plaintiff provides no evidence indicating that Knight's decision to prosecute her was improper. Moreover, plaintiff's state court indictment conclusively establishes that probable cause existed and therefore that plaintiff cannot demonstrate a constitutional violation. Accordingly, plaintiff's malicious prosecution claim fails.

---

[6] Furthermore, even on the merits, evidence in the record—including plaintiff's own exhibit—supports that Knight in fact had probable cause to arrest her [*See* Doc. 1-1 p. 2; Doc. 76-2 pp. 16–22; *see also* Docs. 76-3 (manual filing), 76-4 (manual filing)].

Therefore, plaintiff's § 1983 claim against Knight will be **DISMISSED**.

### 2.    City of Oak Ridge

Plaintiff's claim against City of Oak Ridge derives from the actions of Knight and other agents of previously-dismissed defendant ORPD [Doc. 20 ¶ 16]. City of Oak Ridge argues that because plaintiff cannot establish Knight violated plaintiff's rights, she cannot establish any imputed violation of City of Oak Ridge [Doc. 77 pp. 14–16].

In general, a plaintiff may not obtain relief from a municipality under § 1983 "on a *respondeat superior* theory—in other words, 'solely because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388–89 (6th Cir. 2014) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Rather, "a municipality is liable under § 1983 only where, 'through its deliberate conduct,' it was 'the "moving force" behind the injury alleged.'" *Id.* (citation omitted). That is, a municipality may be liable only if the plaintiff identifies an "illegal policy or custom" that caused a violation of the plaintiff's constitutional rights. *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). A plaintiff may demonstrate an illegal policy or custom by showing: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Id.* (citation omitted).

The Court finds plaintiff's claim against City of Oak Ridge fails. Plaintiff's entire claim against City of Oak Ridge is based on her other claims against Knight and ORPD.

10

Yet, as noted, plaintiff may not maintain a *respondeat superior* claim against a municipal defendant. *D'Ambrosio*, 747 F.3d at 388–89 (citation omitted). What is more, the Court has already found that plaintiff cannot demonstrate that Knight or ORPD violated her constitutional rights [*See* Doc. 56 (dismissing ORPD)]. Furthermore, plaintiff provides no evidence of a policy or custom of City of Oak Ridge that caused a violation of plaintiff's rights, and plaintiff does not even mention any such policy or custom in the amended complaint [*See* Doc. 20].[7]

Therefore, plaintiff's § 1983 claim against City of Oak Ridge will be **DISMISSED**.

### 3. Barker and Parker

Plaintiff's claims against Barker and Parker are based on Barker and Parker's supervisory capacities over ACDF [Doc. 20]. Specifically, plaintiff's claims against Barker and Parker derive from plaintiff's assertion that "plaintiff was denied medical treatment" by ACDF [*Id.* ¶ 22; *see also id.* ¶¶ 35–40]. Barker and Parker argue that they are entitled to qualified immunity, plaintiff does not identify actions they personally took to deprive plaintiff of her constitutional rights, and they did not in fact deprive plaintiff of her rights [Doc. 86 pp. 4–9].

When a defendant raises qualified immunity, "the burden is on the plaintiff to demonstrate that the official[ is] not entitled to qualified immunity." *Silberstein v. City of*

---

[7] The Court notes City of Oak Ridge's additional arguments regarding alleged improper training [Doc. 77 pp. 15–16]. The Court does not address these arguments for two reasons. First, the reasons already stated are sufficient to grant City of Oak Ridge's motion. Second, all allegations in the amended complaint suggest ORPD—not City of Oak Ridge—is responsible for any alleged improper training of Knight [*See* Doc. 20 ¶¶ 13, 21, 56].

*Dayton*, 440 F.3d 306, 311 (6th Cir. 2006).  The plaintiff must establish: (1) "facts which, when taken in the light most favorable to [the plaintiff], show that the defendant-official's conduct violated a constitutionally protected right"; and (2) "that right was clearly established such that a reasonable official, at the time the act was committed, would have understood that his behavior violated that right."  *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 727 (6th Cir. 2011) (citation omitted).  The order in which to address the two prongs is left to the court's discretion, and a court need not address the remaining prong if the court finds the plaintiff failed to meet her burden as to the other prong.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *see Smith v. City of Columbus*, No. 2:09-CV-95, 2010 WL 3258556, at *5 (S.D. Ohio Aug. 17, 2010) (citation omitted).

At all relevant times, Barker and Parker were supervisors of ACDF.  Like municipalities, "[a] supervisor may not be found liable under 42 U.S.C. § 1983 based on a *respondeat superior* theory."  *Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 487 (6th Cir. 2020).  Instead, a supervisor may be liable only if the supervisor "abdicated his or her job responsibility, and the '*active performance* of the [supervisor's] individual job function' [caused] the constitutional injury."  *Id.* (alterations in original) (citation omitted).  Thus, the plaintiff must demonstrate that the supervisor personally violated the plaintiff's rights or otherwise "implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct of [an] offending subordinate."  *Id.* at 487–88 (first alteration in original) (citation omitted); *see also Greene v. Barber*, 310 F.3d 889, 898 (6th

Cir. 2002) ("Supervisory liability . . . must be based on *active* unconstitutional behavior." (emphasis added) (citation omitted)).

The Court finds Barker and Parker are entitled to qualified immunity as plaintiff has not demonstrated they violated her constitutional rights. Plaintiff only alleges that Barker had "final responsibility for managing and operating" ACDF and that Parker was "responsible for the operations at" ACDF [Doc. 20 ¶¶ 14–15]. Yet, as noted, *respondeat superior* provides no basis for § 1983 liability of supervisors. *See Troutman*, 979 F.3d at 487. And while plaintiff alleges she did not receive proper treatment at ACDF, plaintiff does not provide evidence that Barker or Parker personally denied her medical care or authorized others to do so. Indeed, plaintiff does not even allege Parker or Barker had personal interaction with her or knew she needed medical care [*See id.* ¶¶ 37–40]. The only evidence in the record indicates that Barker and Parker did not in fact interact with plaintiff and that plaintiff received appropriate medical care [*See* Docs. 85-1, 85-2]. Without evidence that Barker or Parker actively violated plaintiff's constitutional rights, Barker and Parker are entitled to qualified immunity. *See Troutman*, 979 F.3d at 487.[8]

Therefore, plaintiff's § 1983 claims against Barker and Parker will be **DISMISSED**.

### 4. Anderson County, Tennessee

Plaintiff's claim against Anderson County, Tennessee derives from the actions of agents of ACDF [Doc. 20 ¶ 17]. Namely, plaintiff avers ACDF denied plaintiff medical

---

[8] Furthermore, the evidence demonstrates ACDF personnel in fact provided plaintiff proper medical care [Docs. 85-1, 85-2], and plaintiff cites no evidence to the contrary.

13

treatment [*Id.* ¶¶ 22, 35–40].  Anderson County, Tennessee defends that it is not subject to municipal liability under a *respondeat superior* theory [Doc. 86 pp. 9–11].

In general, a plaintiff may not obtain relief from a municipality under § 1983 "on a *respondeat superior* theory—in other words, 'solely because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388–89 (6th Cir. 2014) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).  Rather, "a municipality is liable under § 1983 only where, 'through its deliberate conduct,' it was 'the "moving force" behind the injury alleged.'" *Id.* (citation omitted).  That is, a municipality may be liable only if the plaintiff identifies an "illegal policy or custom" that caused a violation of the plaintiff's constitutional rights.  *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).  A plaintiff may demonstrate an illegal policy or custom by showing: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations."  *Id.* (citation omitted).

The Court finds plaintiff's claim against Anderson County, Tennessee fails. Plaintiff's entire claim against Anderson County, Tennessee is based on the actions of ACDF [*See* Doc. 20 ¶ 17].  Yet, as noted, plaintiff may not maintain a *respondeat superior* claim against a municipal defendant.  *D'Ambrosio*, 747 F.3d at 388–89 (citation omitted). What is more, plaintiff cites no evidence of a policy or custom of Anderson County,

14

Tennessee that caused a violation of her rights, and plaintiff does not even mention any such policy or custom in the amended complaint [*See* Doc. 20].[9]

Therefore, plaintiff's § 1983 claim against Anderson County, Tennessee will be **DISMISSED**.

### B. State Law Claims

While the amended complaint primarily asserts § 1983 claims, it also appears to assert claims under Tennessee Code Annotated § 8-8-302 against all defendants [Doc. 20 ¶ 10] and a common-law false imprisonment claim against Knight [*Id.* ¶¶ 27, 47].[10] While a district court has supplemental jurisdiction over state law claims forming "part of the same case or controversy" as claims over which the court exercises original jurisdiction, a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which the court has original jurisdiction. 28 U.S.C. § 1367(a), (c)(3); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("If the federal claims are dismissed before trial, the state claims generally *should* be dismissed as well." (emphasis added) (citation omitted)).

As discussed above, the Court will dismiss all of plaintiff's federal claims. Therefore, plaintiff's state law claims will be **DISMISSED** as well.

---

[9]    Moreover, Anderson County, Tennessee provides evidence that it in fact provided plaintiff proper medical care [Docs. 85-1, 85-2], and plaintiff cites no evidence to the contrary.

[10]    Plaintiff indicates Knight violated Tennessee's criminal false imprisonment statute [Doc. 20 ¶¶ 27, 47].  To the extent plaintiff intends to assert a false imprisonment claim, the Court recognizes it but declines to exercise supplemental jurisdiction over it as discussed *infra*.

15

## IV. Plaintiff's Motions for Joinder

On December 20, 2021, plaintiff filed a motion seeking leave to join numerous defendants to this action [Doc. 94] and to amend the scheduling order [*Id.* at 13]. Plaintiff then filed an amended joinder motion on December 27, 2021, seeking leave to join even more defendants [Doc. 96]. The proposed claims against the proposed defendants arise from the same facts recounted in Part I [*See generally* Docs. 94, 95, 96, 97, 98, 99]. The existing defendants respond that the proposed joinder would be futile [Docs. 97, 98, 99].

A plaintiff must amend the complaint to join additional defendants. *See Despain v. Louisville Metro. Gov't*, No. 3:14-CV-P602-CHB, 2021 U.S. Dist. LEXIS 156889, at *9 (W.D. Ky. Aug. 19, 2021) (citation omitted). Federal Rule of Civil Procedure 15 governs amendments of pleadings. Pertinently, a court should allow an amendment only "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant . . . [or] futility of the amendment." *Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548 (6th Cir. 2016) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "An amendment is futile 'if the amended complaint would not withstand a motion to dismiss for failure to state a claim.'" *Despain*, 2021 U.S. Dist. LEXIS 156889, at *11 (quoting *Doe v. Mich. State Univ.*, 989 F.3d 418, 427 (6th Cir. 2021)).

Plaintiff apparently seeks to add these defendants to maintain civil rights claims against them under § 1983 [*See* Doc. 94 p. 6 (suggesting the claims against the proposed parties derive from the alleged wrongful arrest and denial of medical care)]. The statute of

16

limitations for a § 1983 action "is governed by the limitations period for personal injury cases in the state in which the cause of action arose." *Despain*, 2021 U.S. Dist. LEXIS 156889, at *11 (citing *Wilson v. Garcia*, 471 U.S. 261, 275–80 (1985)). In Tennessee, personal injury actions are subject to a one-year statute of limitations. *Miller v. Shults*, No. 3:19-CV-308-TAV-DCP, 2021 WL 2168952, at *4 (E.D. Tenn. May 27, 2021) (first citing T.C.A. § 28-3-104(a); and then citing *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005)). A § 1983 claim accrues when the plaintiff knows or has reason to know of the basis for the claim, and this standard is satisfied when the plaintiff discovers or should discover the basis upon exercising reasonable diligence. *Id.* (citations omitted).

The Court finds an amendment to join the proposed parties would be futile. The proposed claims are under § 1983; thus, the applicable statute of limitations is one year. It is undisputed that the proposed claims derive from the same facts as the currently-existing claims. Thus, plaintiff should have known the factual basis underlying the claims against the proposed defendants at the latest by January 2020 when the events in question transpired. Indeed, plaintiff filed the instant motions for joinder over one year after plaintiff filed her initial complaint on December 11, 2020. Therefore, the one-year statute of limitations expired as to plaintiff's claims against the proposed defendants before she sought to join them. Accordingly, an amendment to join these defendants would be futile

as these defendants would be entitled to prompt dismissal.[11] *See Despain*, 2021 U.S. Dist. LEXIS 156889, at *11.[12]

The Court notes plaintiff's motion appears to request leave to join medical malpractice claims against certain proposed defendants who are doctors [*See* Doc. 96]. However, given that the Court will not allow joinder of these defendants, plaintiff's request to join malpractice claims against them is moot. Moreover, to the extent plaintiff seeks to join other state law claims as to the existing defendants, the Court declines to exercise supplemental jurisdiction over those claims for the reasons discussed in Part III.B.

Therefore, plaintiff's motions for joinder [Docs. 94, 96] will be **DENIED**.[13]

## V. Conclusion

For the reasons set forth above, plaintiff's motions to strike [Doc. 79] and for joinder [Docs. 94, 96] will be **DENIED**. However, Knight and City of Oak Ridge's motion for summary judgment [Doc. 76] and Parker, Barker, and Anderson County, Tennessee's motion for summary judgment [Doc. 85] will be **GRANTED**. Plaintiff's federal claims against defendants will be **DISMISSED with prejudice**; however, plaintiff's state claims

---

[11] Because plaintiff's joinder motions are futile as the applicable statute of limitations have expired, the Court need not address defendants' alternative argument for futility based on the Tennessee Governmental Tort Liability Act [*See* Doc. 98 p. 4].

[12] The relation-back doctrine does not change this result because there is no suggestion of a mistake regarding the proper defendants' identities. *See* Fed. R. Civ. P. 15(c)(1)(C).

[13] The Court notes that even if joinder was not futile, plaintiff's joinder motions are moot given the Court's decision to grant summary judgment for defendants. *See generally Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, No. 9-11441, 2010 U.S. Dist. LEXIS 30618 (E.D. Mich. Mar. 30, 2010) (denying as moot joinder motions when the court contemporaneously granted a motion to dismiss). For the same reason, plaintiff's request to amend the scheduling order is moot.

will be **DISMISSED without prejudice**.  Accordingly, the remaining pending motion

[Doc. 93] will be **DENIED as moot**.[14]

A separate order will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[14] In this outstanding motion, plaintiff seeks indigency status and requests the Court to cover her discovery expenses.  This motion is moot because the Court is closing this case.